IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  07-cv-01316-WYD-MEH

KAREN ZUMBRUN,

    Plaintiff,

v.

HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,

    Defendant.

## ORDER

THIS MATTER is before the Court on Defendant Hartford Life and Accident Insurance Company's Motion to Dismiss, filed July 19, 2007.  Plaintiff filed a Response to the Motion to Dismiss on August 8, 2007.  Attached to Plaintiff's Response are two exhibits including the Affidavit of Karen Zumbrun and a letter from Plaintiff's attorney to individuals at The Hartford Benefit Management Services and Premier Mortgage Group, LLC.  Because Plaintiff's Response presented matters outside the pleadings, Plaintiff was required to include a brief statement addressing whether the Motion to Dismiss should be converted to a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 12(b).  The Response contained no such statement, and was stricken with leave to refile in compliance with this Court's Practice Standards, Part III(A)(2).  Plaintiff refiled the Response on August 10, 2007.  The new Response states "[a]lthough Plaintiff presents matters outside the pleadings in this Response to Defendant's Motion

to Dismiss, Plaintiff does not intend for the motion to be converted to a Motion for Summary Judgment."

However, pursuant to the Federal Rules, if a court does not exclude the matters presented that are outside the pleadings, a motion to dismiss pursuant to Rule 12(b)(6) *shall* be treated as a motion for summary judgment. Fed. R. Civ. P. 12(b); *Lucero v. Gunter*, 52 F.3d 874, 877 (10th Cir. 1995). The rule is not optional. In addition, conversion of a motion to dismiss to a motion for summary judgment is proper where, even though the motion does not rely on matters outside the pleadings, plaintiff's response attaches such materials which are then considered by the court in deciding the motion. *See Whitesel v. Sengenberger*, 222 F.3d 861, 866 (10th Cir. 2000) (noting that conversion may be proper when non-movant appends materials to opposition brief and court considers them) (citing *Collier v. City of Chicopee*, 158 F.3d 601, 603 (1st Cir. 1998)).

The Court finds that it is appropriate to consider matters outside of the pleadings in resolving Defendant's motion. Accordingly, notice is hereby given that Defendant's Motion to Dismiss shall be treated by the Court as a Motion for Summary Judgment. If Defendant wishes to submit additional materials for the Court to consider in connection with the Motion for Summary Judgment may do so in connection with its Reply brief. Accordingly, it is

ORDERED that Defendant Hartford Life and Accident Insurance Company's Motion to Dismiss, filed July 19, 2007, is converted to a Motion for Summary Judgment.

Dated: August 14, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge